## Gormully & Jeffery Mfg. Co. v. Otto Olsen.

1. MASTER AND SERVANT—*Duty of Master as to Machinery.*—An instruction that it is the duty of a master to provide reasonably safe and suitable machinery for his employes is erroneous, as a master is only bound to use reasonable and ordinary care and diligence in providing suitable and safe machinery.

2. PRACTICE—*Errors Not Presented on Motion for a New Trial are Waived.*—Errors not presented to the trial court on motion for a new trial, are waived and will not be considered on appeal.

3. NEGLIGENCE—*Removal of Defective Machinery Not Evidence of.*— In an action by a servant against his master for injuries caused by defective machinery, it is not proper to allow the plaintiff to show that a defective wheel which caused the accident was removed soon after it occurred.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed August 5, 1897.

Franklin Denison and John A. Jameson, attorneys for appellant.

Harry Olson, attorney for appellee; D. M. Kirton, of counsel.

Mr. Justice Windes delivered the opinion of the Court.

Appellee, an employe of appellant, a manufacturer of bicycles, recovered a judgment of $2,000 for personal injuries received by him while running a milling machine, in appellant's factory, which had a defective wheel.

The declaration, which contained eight counts, alleges in the first count that appellee was employed to do general work about the factory of appellant, but not to operate machinery; that he was specially directed to operate the milling machine; that it was the appellant's *duty to furnish reasonably safe machinery, and to provide said machinery with reasonably safe wheels;* that appellant neglected its duty, and negligently provided an unsafe wheel, having a portion of its circumference broken out; that by reason of this defect, while appellee was operating said machine, and in the exercise of due care and caution, the injury to appellee was caused. The third count, in addition to these allegations, alleged that appellee was inexperienced in the use of machinery, and ignorant of the dangers arising from any defect therein. The fourth count, in addition, alleged that appellant knew of the defect and dangers; that it should have informed appellee of dangers, but did not. The other counts do not differ materially from the first, third and fourth. The declaration is sufficient to sustain a judgment. The duty of the defendant, if any, arises from the facts alleged and proved, and the allegation in that regard is surplusage.

The fourth instruction given for appellee is erroneous, in that it tells the jury it was appellant's duty to *provide reasonably safe and suitable* machinery for its employes, whereas the instruction should have been that appellant's duty was to use *reasonable and ordinary care and diligence in provid-*

*ing* suitable and safe machinery. Weber Wagon Co. v. Kehl, 139 Ill. 644; Chicago & E. I. R. R. Co. v. Kneirim, 152 Ill. 461.

This error, however, was waived by not being presented to the trial court in the motion for a new trial. Emory v. Addis, 71 Ill. 273; Jones v. Jones, 71 Ill. 562; Ottawa, O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104–111; Calumet El. St. Ry. Co. v. VanPelt, 68 Ill. App. 585.

There was a strong conflict of evidence, both as to the care of appellee and the negligence of appellant, the details of which it is unnecessary to set out, the court being of opinion, after a careful examination of the record, that the case is one which should be submitted to the jury on these points.

Against the objection of appellant, the trial court allowed testimony on behalf of appellee, and on cross-examination of appellant's witnesses, to the effect that the defective wheel which caused the injury was taken out of the machine by appellant's servant soon after the accident and on the same day it occurred, and that the order to take it out was given by appellant's foreman. Later the court, on motion of appellant's counsel, struck out the testimony that the order was given by the foreman, but allowed that part to go to the jury showing that appellant's servant took out the defective wheel.

This ruling of the court was error, and, we think, in view of the fact of the strong conflict of evidence in the case on the question of appellant's liability, prejudicial. This evidence was calculated to have great weight with the jury, as tending to show an admission of negligence by appellant, whereas it should be encouraged, in case of an accident, at once to remedy the defect which caused the accident, and not be confronted by the possibility of having its acts in that regard construed as a confession of negligence. Hodges v. Percival, 132 Ill. 53, and cases cited; City of Bloomington v. Legg, Admr., 151 Ill. 9–15; Morse v. Minneapolis & St. L. R. R. Co., 30 Minn. 468, and cases cited; Nalley v. Hartford, etc., Co., 51 Conn. 524.

For the error last noted the judgment will be reversed and the cause remanded.