82   515
s183s288

## Warren B. Howe, Frank B. Davidson and Homer W. Howe, Copartners as Howe & Davidson, v. Albert Medaris.

1. PRACTICE—*Where a Case Should be Submitted to the Jury.*— Where a case presents questions peculiarly for the consideration of the jury it is the duty of the court to submit the case accordingly.

2. PERSONAL INJURIES—*Knowledge Will Not Debar a Recovery.*— The fact that a person could see and know the defective condition of a machine, is not sufficient to debar him recovering for an injury, but to do so the danger of operating it must be so open and apparent that no person ordinarily prudent would encounter it.

3. EVIDENCE—*Conditions of Machines After Accidents.*—Evidence of changes in the condition of a machine the day following the accident should not be submitted to the jury, but its admission is not, as a general rule, reversible error.

**Action in Case,** for personal injuries. Trial in the Circuit Court of Cook County: the Hon. RICHARD W. CLIFFORD, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 22, 1899.

**Statement of the Case.**—April 28, 1895, appellee, then about thirty-one years of age, an employe as a roustabout of appellants, who were engaged in the business of manufacturing and selling paper boxes, had his thumb and two front fingers of his right hand cut off across the knuckles by a paper cutter operated in appellants' factory by steam power, while he was engaged, under the order of one of appellants, in cutting some paper. A part of appellee's duty was to operate the cutter from time to time, when requested, and he had done so at intervals for some six months prior to his injury. On a trial before the court and a jury he recovered a verdict of $3,250 and a judgment thereon, from which this appeal is taken.

The declaration alleges that appellants were negligent, in that they operated the paper cutter while the lever and cogwheel which controlled the application of the steam power to the cutter was in a worn and defective condition, and that by means of such worn and defective condition, plaint-

iff, being inexperienced in mechanics and not familiar with the application of steam power to the cutter, the knife in the cutter was not held in place so as to permit the removal of paper which had been cut, as it should have been, but that the knife would fall before it was intended it should; that appellants did not advise plaintiff of said worn and defective condition, and while he was in discharge of his duty, the knife, without warning, fell on plaintiff's hand and caused the injury, etc.

There is a conflict in the evidence, both as to the care exercised by the appellee in performing his work in the use of the cutter, and as to his knowledge of the alleged defective condition of the cutter, and also as to the negligence of appellants as charged in the declaration.

Evidence was admitted on behalf of appellee, without objection at the time of its admission, that the paper which appellee was cutting at the time of his injury was too wide for the machine (the cutter), and could not be put into it without turning up the edges, and that this paper made it necessary, and that he was so directed by one of appellants when instructed as to the work, to place his thumb and two first fingers within the machine and under the knife while it was stationary, and suspended above the paper, through the automatic action of the machine, in order to withdraw the paper after it had been cut. When the machine was in good order and the knife suspended stationary, the knife could only descend by the movement of a lever, which was usually done by the hand of the operator.

Also against the objection of appellants at the time, the court permitted evidence, by the witness Finn, as to the condition of the cutter on the day following the accident or the day afterward. This evidence was, viz.:

" Q.    Now, I will ask you to state to the court and jury in what condition you found that machine?

(Objection overruled and exception by defendants.)

A.    Now, it was the following morning or day afterward. It was during that week; I said the following morning; I am not positive it was that morning or the following morning. I went and examined the clutch the first time I had

an opportunity to examine it, and it was the following morning or the day afterward in the morning, that I examined the clutch. I took hold of the clutch and squeezed the dog out before I could throw it into gear. I could not throw it into gear as I did the day I was cutting on it. That is the day I had just to touch the lever and it went into gear. The next time I examined it was in a different condition. I had to squeeze the clutch—the dog out of the lever, before I could throw it into gear. That was a day or two after the accident happened.

Q. How was it the last day on which you worked on it? A. I did not have to squeeze the dog at all to throw it into gear. It simply went in by touching—the lever was almost on a balance.

Mr. Schuyler: I object to that, and move to have it stricken out.

(Objection overruled and exception by defendants.)

Mr. Wickersham: Now, if that machine was in perfect order and perfect condition, will you tell the court and jury what had to be done in order to set the knife of that machine in operation?

The Court: He may tell how the knife was set.

(Objected to; exception by defendants.)

A. In order to start the knife it was necessary, in the first place, to squeeze out the dog on the lever and lift the lever that throws the cog-wheels together and the knife came down."

At the conclusion of the examination of this witness appellants' counsel moved the court to strike out this evidence, but the motion was overruled, and an exception preserved. On the defense appellants submitted to the jury evidence that the paper which was being cut by appellee was not too wide for the machine, that it went in and out of the machine free, as ordinary stock would go in, with its own weight, and that there was no difficulty in taking the paper out of the machine; also that it was in the same condition after as it was before the accident.

At the close of the plaintiff's case, and at the close of all the evidence, appellants asked the court to instruct the jury to find the defendants not guilty, which motions, respectively, were overruled.

Also at the close of all the evidence, appellants made the following motions:

"First.    I move the court to strike out all the evidence of the witness Finn, and other witnesses as to the examination by him of the machine after the accident, and all statements of its condition and any changes that were made in the same, and all evidence by this witness and other witnesses from which it may be inferred or argued to the jury that changes were made in the machine in question after the accident.

Second.    I move the court to strike out all the evidence of the plaintiff as to the size and condition of the paper which he was required to cut and was cutting at the time of the accident, and the manner in which the same was handled and manipulated by him, and the effect of the size of the paper upon the operation of the machine, for the reasons:

1st.    That the evidence is not admissible under the allegations in the plaintiff's declaration, and that there is a clear variance between this evidence and the allegations in the plaintiff's declaration in this regard; and

2d.    That there is no allegation of negligence alleged against the defendants in the plaintiff's declarations of this character or under which this evidence was or is admissible."

These motions were overruled and exceptions preserved.

For appellee the court gave, with another not in question, this instruction:

"If the jury finds, from the evidence, that the plaintiff is entitled to recover, as alleged in his declaration, in estimating the plaintiff's damage, you may take into consideration his physical condition prior to the injury and also his physical condition since the injury, if you believe, from the evidence, that his physical condition since then is impaired as the result of such injury, and that he has been deprived of his ability, since the injury, to earn money; and you may also consider whether or not he has been permanently injured and to what extent; and also to what extent, if any, he has been injured or marred in his personal appearance, and to what extent, if any, he may have borne physical and mental suffering as a natural and inevitable result of such injury; and also any unnecessary expenses he may have been put to in and about caring for and curing himself, and the value of any time you may believe, from the evidence, he has lost on account of such injury, and you may consider what, if any, effect such injuries may have upon him in the future in respect to pain and suffering, or in respect to his power to earn money by his labor; and

you should allow to him as damages such sum as in the exercise of a sound discretion you may believe, from the facts and circumstances in evidence, will be a fair and just compensation to him for the injury he has sustained."

Appellants also asked, among other instructions, which were given, the following, which were refused, viz. :

## XI.

"The court further instructs the jury that although they may believe from the evidence that said machine upon which the plaintiff was working at the time of said accident, or the appliances and machinery by which the same was operated, was out of repair, still, if they shall further believe from the evidence that the defendants had no knowledge or notice of such fact, and that by the exercise of ordinary care they could not have ascertained that such was the fact, or that the plaintiff knew of said defect or defects in said machine, if any there was, or that the plaintiff had equal means with the defendants of knowing and ascertaining that said machine or the appliances and machinery by which it was operated were in a broken, worn and defective condition at the time of said accident, then he can not recover any damages in this case, and the jury must find the defendants not guilty."

## XIII.

"The court further instructs the jury to disregard the testimony of the witness Finn, in respect to his examination of the machine in question after the accident, and what he found the condition of said machine to be, and also to disregard the statements of the said witness on his cross-examination that in his opinion the machine was dangerous, or very dangerous."

SCHUYLER & KREMER, attorneys for appellants.

D. J. & D. J. SCHUYLER, JR., attorneys for appellants; D. J. SCHUYLER, of counsel.

MR. PRESIDING JUSTICE WINDES, after making the foregoing statement, delivered the opinion of the court.

It is contended, first, that appellee knew the condition of the paper cutter and assumed the risk; second, that the evidence fails to show negligence of appellants; third, that

appellee's injury was the result of his own negligence; fourth, that there was error in the admission and exclusion of evidence, and fifth, that there was error in giving and refusing instructions.

First. The evidence is voluminous and conflicting on the questions as to assumed risk, negligence of appellants and appellee. We have examined it carefully and critically, in the light of the able and exhaustive arguments of counsel, and are of opinion that in all three of these respects it presents questions peculiarly for the consideration of the jury. Reasonable and fair-minded men might well reach different conclusions from the evidence on all these questions, and when that is the case it is the duty of the court to submit the case to the jury. Offutt v. World's Col. Expn., 175 Ill. 472, and cases there cited; McGregor vs. Reid, Murdoch & Co., 178 Ill. 464.

A discussion of the evidence in detail and in the line of counsel's argument would unnecessarily extend this opinion and serve no useful purpose. We can not say that the evidence shows that appellee had such a knowledge of the condition of the paper cutter that he knew and appreciated the danger to which he was exposed in its operation, and therefore assumed the risk of injury. It is not sufficient to debar him from recovery that he could see and know the defective condition of the machine, but the danger to him of operating it must have been so open and apparent that no person ordinarily prudent would have encountered it. This was a question for the jury. Dallemand v. Saalfeldt, 175 Ill. 310, and cases cited; Offutt v. World's Col. Expn., *supra,* and cases cited; C. & E. I. R. R. Co. v. Knapp, 176 Ill. 127.

As to the questions of appellants' and appellee's negligence, the verdict is not, in our opinion, manifestly against the weight of the evidence, and while it may and could reasonably be said that a verdict for appellants on both these questions would not be disturbed by this court, we feel it our duty, after full deliberation, not to disturb the verdict for appellee.

Second. We are of opinion that there is no reversible

error in the admission of the evidence as to the width of the paper and the difficulty of removing it from the machine, because, though no negligence in that regard was alleged, it was part of the *res gestae*, and no claim of negligence in that respect appears to have been made by appellee. Also no objection was made to the evidence at the time it was offered, and no motion was made to exclude it until the close of all the evidence and after appellants had submitted evidence to contradict it. Appellants can not complain of this evidence after having placed before the jury their evidence in opposition.

We think that the evidence as to a change in the condition of the machine the day after or the day following the accident, should not have been submitted to the jury. Gormully, etc., Co. v. Olsen, 72 Ill. App. 32, and cases cited; Marder, Luse & Co. v. Leary, 137 Ill. 319–23.

But we think it is not reversible error. Appellants' counsel, in his argument, says of this evidence that it "is of the flimsiest character possible, and there is no change in the machine pointed out." Moreover, two witnesses were called by appellants, who testified there was no change made in the machine after the accident, and that it was in the same condition even to the time of trial as at the time of the accident. We can not say, in view of the fact that no change was pointed out, and that two witnesses testified there was no change made, that it is at all probable the jury were misled or that their verdict was to any degree based on appellee's evidence in this respect.

Objection is also made that the court excluded competent and material evidence offered for appellants. We deem it unnecessary to refer to it in detail. There was no reversible error in the court's rulings in this respect.

Third. There is no reversible error in the court's rulings on instructions. As to appellants' instruction complained of, it is said, that the jury were told in estimating appellee's damages, they were not instructed to base their verdict in this regard on the evidence. We think this contention is not tenable when the whole instruction is con-

sidered. The eleventh instruction of appellants was properly refused, because it omits the element of appellee's appreciation of the danger to which he was exposed. Dallemand, Offutt and Knapp cases, *supra*.

What has been said with reference to the evidence of the witness Finn disposes of the alleged error in refusing to give appellants' thirteenth instruction.

There being no reversible error, the judgment is affirmed.