FREESE et al. v. KEMPLAY et al.

(Circuit Court of Appeals, Eighth Circuit. October 27, 1902.)

No. 1,678.

1. FRAUDULENT CONVEYANCES—EVIDENCE—INTENT OF VENDOR.

Upon an issue as to fraud in the sale of property in a controversy between attaching creditors and the vendee of the alleged fraudulent vendor it is always competent to show the intent of the vendor, and evidence of statements made by him prior to the sale showing a fraudulent intent, and evidence that when he went to the place where the sale was negotiated he registered under an assumed name, is admissible as tending to show such intent.

2. INSTRUCTIONS—COMMENTS ON THE EVIDENCE.

Comments on the evidence by the trial judge in his instructions are not assignable as error, where the jury were left at full liberty by the charge to determine all issues of fact for themselves.

3. VERDICT—SUFFICIENCY OF EVIDENCE.

A party who does not move for the direction of a verdict in his favor thereby admits that there is some evidence upon each material issue which should properly be considered by the jury.

In Error to the Circuit Court of the United States for the Northern District of Iowa.

Joe Kirby, D. H. Sullivan, and Thomas Griffin, for plaintiffs in error.

J. M. Parsons, for defendants in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge. Herman C. Freese and Charles M. Rhode, the plaintiffs in error, brought an action against James Kemplay, H. A. Jandt, William Tackaberry, and William E. Tackaberry, wherein they alleged that the defendants had wrongfully and unlawfully taken possession of a stock of goods belonging to the plaintiffs situated at George, in the state of Iowa, and had unlawfully converted them to their own use, to the plaintiffs' damage in the sum of $5,500. The defendants filed an answer to the complaint, wherein they admitted the seizure of the stock of goods in question, but alleged that the seizure was made by the defendant Kemplay, acting as sheriff of Lyon county, Iowa, under a writ of attachment theretofore lawfully issued out of the district court of Lyon county against Albert Miller at the suit of certain of his creditors. They further averred that about the time said writ of attachment was issued Miller had made a pretended sale of the stock of goods in controversy to one Joe Kirby; that said Kirby had immediately transferred the goods to the plaintiffs, Herman Freese and Charles M. Rhode, and that the sale so made was fraudulent, and was made in pursuance of a conspiracy between Kirby, Miller, and the plaintiffs to place the stock of goods, which was really the property of Miller, beyond

¶ 1. See Evidence, vol. 20, Cent. Dig. §§ 835, 843, 854; Fraudulent Conveyances, vol. 24, Cent. Dig. § 841.

the reach of his creditors. It was further alleged that at the time of the pretended sale Miller was indebted to the defendants Jandt and the Tackaberrys in a sum exceeding $3,000, and that the plaintiffs had taken the stock of goods in controversy from Miller in pursuance of the aforesaid fraudulent arrangement, and for the purpose of defrauding Miller's creditors. The plaintiffs filed a reply, alleging, in substance, that they purchased the stock of goods in good faith, and denying the allegations of fraud which were contained in the defendants' answer. The case was subsequently tried to a jury on these issues, and resulted in a verdict in favor of the defendants.

The plaintiffs below, who have brought the case to this court on writ of error, complain in the first instance because, on the trial below, the defendants were allowed to give in evidence certain statements of Miller to one of his clerks showing that about 10 days prior to the sale he was contemplating a sale of the stock of goods in question with a view of defrauding his creditors. They also complain because the defendants were permitted to show that when Miller went to Sioux Falls, S. D., where the plaintiffs resided, with a view of negotiating the alleged fraudulent sale, he registered at a hotel under an assumed name, as if to conceal his identity. Both of these complaints are clearly without merit. In such cases as the one at bar, where a fraudulent sale of property is alleged, and the controversy is between an attaching creditor and the vendee of the alleged fraudulent vendor, it is always competent to show the intent of the vendor, and the evidence in question had an undoubted tendency to show that Miller was actuated by a fraudulent purpose. It may be conceded that the motives which actuated him would not impair the plaintiffs' title to the purchased property unless they were aware of his purpose or bought the stock of goods under such circumstances as that knowledge of his fraudulent intent may be inferred, and to that effect the jury were instructed. Nevertheless, the existence of a fraudulent intent on Miller's part was one of the facts to be established, and the statement which he made to his clerk shortly before the sale was accomplished, that "if he could just sell out and pocket the money and skip out he would do so," no less than the evidence tending to show that he registered under an assumed name when the negotiations for the sale were under way, was clearly competent. Whatever may be the true rule relative to the admissibility of the declarations of a fraudulent vendor, made subsequent to the sale and delivery of property to his vendee, the rule is well established that his declarations made shortly prior thereto, and while he is in possession of the property sold, which tend to establish his intent, are competent. Brittain v. Crowther, 4 C. C. A. 341, 343, 54 Fed. 295; U. S. v. Griswold (C. C.) 8 Fed. 556; Jones v. Simpson, 116 U. S. 609, 611, 6 Sup. Ct. 538, 29 L. Ed. 742; 14 Am. & Eng. Enc. Law (2d Ed.) 494, and cases there cited.

The only other complaint made concerning the proceedings below is that the instructions were in some respects faulty; but an inspection of the charge shows that the assignments of errors, so far as they relate to the charge, are not addressed to any specific declaration of law which the court gave, but rather to certain commentaries

on the evidence in which the trial judge indulged in the course of his charge. And, inasmuch as the jury was left at full liberty to determine the various issues of fact as they thought proper, such comments, relative to the facts, as the court made, afford no ground for a reversal of the judgment, since it appears that the law was correctly declared. The trial judge instructed the jury, in substance, that the plaintiffs were entitled to recover unless it appeared that Miller made the sale with intent to defraud his creditors, and unless it further appeared that the plaintiffs purchased the goods with knowledge of his intent, or under circumstances which charged them with knowledge, or which made it their duty to inquire and ascertain if he was not committing a fraud. The jury was further instructed that the burden was upon the defendants to establish the invalidity of the sale. These instructions comprehend substantially all of the questions of law in the case, and they were not materially erroneous. The plaintiffs did not ask the trial court to direct a verdict in their favor upon the ground that there was no evidence tending to connect them with the alleged fraud, and, not having made such a request, they, in effect, admitted that there was some evidence tending to show their complicity in the fraud, which should properly be considered by the jury. Insurance Co. v. Unsell, 144 U. S. 439, 451, 12 Sup. Ct. 671, 36 L. Ed. 496.

The judgment below is accordingly affirmed.