[Civil No. 2016.  Filed January 31, 1923.]

[212 Pac. 190.]

## CITY OF BISBEE, a Municipal Corporation, Appellant, v. CHARLES N. THOMAS, Appellee.

1. APPEAL AND ERROR — JURY'S VERDICT ON CONFLICTING EVIDENCE NOT DISTURBED.—Where the testimony is in sharp conflict, the verdict of the jury is conclusive, and should not be disturbed.

2. TRIAL—INSTRUCTION REGARDING CONTRIBUTORY NEGLIGENCE WHERE SAME NOT CHARGED HELD NOT ERROR.—In an action for damages for personal injuries, where defendant has not charged contributory negligence, an instruction touching upon the doctrine of contributory negligence, which left the jury their full liberty to determine all issues of fact for themselves, *held* not error.

3. DAMAGES—INSTRUCTION AS TO LOSS OF FUTURE EARNING POWER HELD NOT ERROR.—In personal injury action, an instruction regarding the loss of future earning power by plaintiff *held* not error.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. John E. Sanders and Mr. Maurice Blumenthal, for Appellant.

Mr. Alexander Murry and Mr. Frank E. Thomas, for Appellee.

BOLLINGER, Superior Judge. — Charles N. Thomas, the appellee herein, sued the city of Bisbee, the appellant herein, for damages in the sum of $25,000 for alleged personal injuries received in an automobile accident. The case was tried before a jury, and plaintiff received a verdict of $4,000 damages and costs of suit. The injuries complained of were received on the twentieth day of September, 1919, by appellee, when his Ford car was wrecked on the Sims road, in Bisbee, Cochise county, Arizona.

The substance of the pleadings in this case is set forth in appellant's brief, on pages 2 and 3, as follows:

"The complaint alleges in substance that on the morning of the 20th day of September, 1919, while the plaintiff was driving over Sims road in his automobile, he overturned into a ditch, receiving certain injuries therefrom, and that the overturn was the direct result of a defective condition in Sims road, as follows: At the place in the street where the plaintiff overturned there was a rather steep declivity, and that around and in the bottom of the incline there was an accumulation of rocks and boulders, negligently and carelessly left by defendant so as to constitute a dangerous obstruction to vehicular traffic; that the road was narrow, and that there was a gully, depression, or ditch precipitous from the road on plaintiff's right, unbarred in any way; that plaintiff's automobile struck one of these rocks or boulders, resulting in the overturn. (Abstract of Record, 7–9.)

"That as a result of such overturning the complaint alleges that the plaintiff was severely cut, bruised, and wounded on his head, body, and limbs; that he has partially lost the sensory and motive power and the reflexes of his arm and leg; that his kidney became affected, subjecting him to a kidney disease involving, as one of its symptoms, unduly frequent urination; that he has suffered great bodily pain and great mental anguish, and that he will be permanently hurt, crippled, and maimed, his bodily and mental faculties for the remainder of his life will be impaired in power and function, and that his earning capacity has been permanently reduced. (Abstract of Record, 12–14.)

"The defendant filed a general demurrer, admitted the corporate capacity of defendant, and denied the other allegations of the complaint. No plea of contributory negligence was set up in the answer. (Abstract of Record, 17, 18.)"

In support of his case, Charles N. Thomas, appellee, testified as follows (Abstract of Record):

"I am 68 years old, and a resident of Cochise county for about 43 years. I have mined, been an officer and night watchman for a number of years, and my health was good—excellent up to September 20, 1919. On September 19, 1919, I came to Bisbee from my ranch about eight miles away in my Ford car, coming down the main traveled road. At about 4 in the morning, when it was very cloudy and a dark morning, I started home, but found a plank and 'wooden horses' across the road with lanterns on it, and I therefore went up Sims road. In this road there was a culvert, and just after passing it I struck a rock in Sims road which threw the back of my car off the road, and it went over the culvert 12 feet. I was caught under the car, and was bleeding. I finally pulled myself out, and went to my son-in-law's house. As a result of my overturn I received an injury on the right side of my head, a cut over my eye, cut on my right cheek, and one under my left jaw. My shoulder is lame from the accident. Because of said accident I urinate most all the time, have heated sensations, at times my foot gets cold; at times I cannot tell when I have hot water at my feet, and that I had none of the symptoms before this injury. My head was sore on the left side, and my thinking faculties are not like they were. I begin a subject and forget it. My left hand and arm were bad for six weeks. My left leg jerks, feeling like it is partly dead. I was laid up three days from the above injuries. Prior to these injuries my health had always been good. Now my heart has fluttering spells. At the time of the accident I was employed as a night watchman for merchants of Bisbee. I was earning in the neighborhood of $250 per month. As a result of my injuries my earnings have been decreased $140 a month."

While there is a sharp conflict of the testimony given as to the cause, extent and nature of appellee's injuries, he produced substantial testimony of other witnesses to corroborate his own. The case was submitted to the jury after they had heard the testimony, and the verdict of the jury is conclusive, and

should not be disturbed.  *Ryder* v. *Leach,* 3 Ariz. 129, 77 Pac. 490; *McGowan* v. *Sullivan,* 5 Ariz. 334, 52 Pac. 986; *De Mund Lumber Co.* v. *Stilwell,* 8 Ariz. 1, 68 Pac. 543; *Barter* v. *County of Pima,* 2 Ariz. 88, 11 Pac. 62; *Copper Queen Min. Co.* v. *Arizona Prince Copper Co.,* 2 Ariz. 10, 7 Pac. 718; *Tweed* v. *Lowe,* 1 Ariz. 488, 2 Pac. 757.

Counsel for appellant have abandoned their assignments of error with two exceptions. These exceptions are assignment of error No. I (B) and assignment of error No. II. Assignment of error No. I (B) is as follows:

"Where there is no plea of contributory negligence in the answer, and assuming no issue litigated thereon, it is error for the court to instruct on an abstract proposition of the law of contributory negligence. Such an instruction is misleading, confusing, and mischievous because it tends to distract the minds of the jury from the real facts in issue."

This assignment of error questions the following instruction given by the trial court (Abstract of Record, 247–251):

"You are further instructed that the defendant in this case does not rely at all upon what is known as the plea of contributory negligence on the part of plaintiff. It is not claimed, in short, that plaintiff's own negligence in anywise contributed to any injury he may have sustained. The defendant city does, on the other hand, plead that it was guilty of no negligence whatsoever. It is therefore your duty to determine this case without any reference whatever or consideration whatever to any contributory negligence as such upon the part of the plaintiff. In such connection I instruct you that, if you believe that defendant's negligence as alleged in the complaint brought about the injuries to plaintiff as he alleges in his complaint, no negligence whatever of the plaintiff, unless it solely brought about and produced such injuries, to the entire exclusion of negligence on the part of the city, if you believe it was

negligent as alleged, should prevent plaintiff's recovery. In other words, sometimes a plea of what is called contributory negligence is interposed; that is, the defendant says, 'Yes; I was careless; but you were careless also.' In such cases, if injury was caused by the negligence of both parties, the law is the plaintiff cannot recover, but in this case the city does not claim that the plaintiff's negligence was partially the cause of the injury, even though the city itself may have partially caused it; the city claims it was in no manner negligent, and therefore, if you believe that the city was negligent, and that its negligence was one of the proximate causes of the injury to plaintiff, you cannot in this case consider whether or not plaintiff's own negligence was also one of the causes. If the city's negligence, if you find it was negligent—and of course that is the real issue in the case, if you find it was negligent,—contributed to the injury of plaintiff, then the city would be liable under the law in this case. Of course, the city's negligence, if it was negligent, must have been one of the proximate causes of the injury."

Assignment of error No. II is as follows:

"There being no testimony that plaintiff's injuries were permanent, or what the loss or probable loss of plaintiff's earning power in the future would be, or that with any reasonable certainty plaintiff would suffer such a future loss, it was error for the court to instruct the jury that in determining the amount of damages they were to take into consideration the loss of plaintiff's earning power in the future."

This assignment of error questions the following instruction given by the trial court:

"In determining the amount of damages, if you find the city was negligent or caused the damage, you would take into consideration the impaired earning power of the plaintiff, if any, any pain and suffering which he may have undergone by reason of such negligence, loss, as I said, of earning power, past and future, and from these elements you may determine what would be reasonable compensation

under the circumstances, but you are not to return any damages unless you first believe the injury was caused by the negligence of the defendant. But if you find for the plaintiff, you will find for him in such sum as you think proper under all the circumstances, not however, exceeding the amount asked for in the complaint.''

A careful examination of the language used by the trial court in the above-quoted instructions fails to convince us that said instructions are of such a character as to require a reversal in this case. The jury were left to their full liberty by these instructions to determine all issues of fact for themselves. The future earning power of the plaintiff was properly considered by the trial court as one of the elements of damage. *Freese* v. *Kemplay,* 118 Fed. 428, 55 C. C. A. 258; *Lappe* v. *Gfeller,* 211 Pa. 462, 60 Atl. 1049; *Johnson* v. *Northwestern Pacific Ry. Co.,* 47 Minn. 430, 50 N. W. 473; *U. P. Ry. Co.* v. *Jones,* 49 Fed. 343, 1 C. C. A. 282; *Yeager* v. *Anthracite Brewing Co.,* 259 Pa. 123, 102 Atl. 418; *Robinson* v. *St. Louis & S. Ry. Co.,* 103 Mo. App. 110, 77 S. W. 493; *Howe* v. *Medaris,* 82 Ill. App. 515–518; *Railway Co.* v. *Morrow* (Tex. Civ. App.), 93 S. W. 162, 163.

The judgment of the lower court is hereby affirmed.

McALISTER, C. J., and ROSS, J., concur.