[Civil No. 2354. Filed October 28, 1926.]

[250 Pac. 254.]

SAM BRETHOUR, Appellant, v. W. W. CLACK and G. H. CLACK, Appellees.

Mr. Louis L. Wallace, for Appellant.

Mr. C. W. Herndon, Mr. E. S. Clark and Mr. Ross H. Blakely, for Appellees.

LOCKWOOD, J.—This is a companion case to *Clack et al.* v. *Brethour, ante,* p. 21, 250 Pac. 253, It is an appeal by Sam Brethour, the plaintiff below, from that portion of the judgment quieting the title of defendants W. W. and G. H. Clack to the Noon No. 1 mining claim.

There are four assignments of error, but, as in the other appeal, only one legal issue is raised, to wit, that the evidence does not sustain the verdict and judgment. We will not restate the evidence, as it appears sufficiently in *Clack et al.* v. *Brethour,* with the exception of one matter to which we will refer later.

Plaintiff in this appeal contends the evidence was conclusive of two things: First, that the ground covered by the Noon No. 1 was not open for relocation until about nine-thirty P. M. July 1st, 1923, while defendants attempted to initiate their location at five P. M. that day; and, second, that no discovery of mineral in place was made by defendants until several days after July 1st, and after plaintiff had relocated the same ground under the name of Half Moon, and that a judgment for defendants' assessment therefor cannot stand.

All of the assessment work done by plaintiff and his associates, according to the testimony, was on the C. O. D. mining claim or a road leading thereto, and there is no evidence in the record that any work whatever was done on or for the Full Moon claim. It is of course true that assessment work may be done on one of a group of claims if it is of a character which will naturally tend to develop the group as a whole, and it will inure to the benefit of all of the claims. When, however, it is contended that work done on one claim should be credited to another, the party so maintaining must show affirma-

tively he is within the rule. This burden of proof is not sustained by the record. Such being the case, the Full Moon claim was open for relocation after twelve o'clock noon, July 1st, 1923, and it was not material as to whether the C. O. D. Mines Company had formed the intention of abandoning it before five o'clock the evening of that day or not.

It is of course the law that a mining location is based wholly upon a discovery of mineral, and until such discovery is made no rights are conferred by the performance of any of the other steps requisite for location. *Cole* v. *Ralph,* 252 U. S. 286, 64 L. Ed. 567, 40 Sup. Ct. Rep. 321 (see, also, Rose's U. S. Notes Supp.); *Butte & S. Co.* v. *Clark-Mont. Co.,* 249 U. S. 12, 63 L. Ed. 447, 39 Sup. Ct. Rep. 231; *Creede Co.* v. *Uinta Co.,* 196 U. S. 337, 49 L. Ed. 501, 25 Sup. Ct. Rep. 266.

The explicit testimony of defendant W. W. Clack was. that the discovery of mineral upon which he based his location of the Noon No. 1 was made at the bottom of an open cut which he was three or four days after July 1st in digging. This discovery was made some time subsequent to the attempted location by plaintiff of the Half Moon mining claim, and, if the last-named location was a valid one, it would take precedence of one based on a discovery made several days later. The jury, however, were properly instructed on that point by the court, and also viewed the premises, and we must presume that they did not believe the testimony of plaintiff in regard to his attempted location of the Half Moon claim. This is their privilege under the circumstances. *Crozier* v. *Noriega,* 27 Ariz. 409, 233 Pac. 1104.

It appearing that there is sufficient evidence in the record which, if believed by the jury, would authorize a verdict in favor of defendants as to

the Noon No. 1 mining claim, it is ordered that the judgment of the superior court of Mohave county be, and it is hereby, affirmed.

McALISTER, C. J., and ROSS, J., concur.