[Civil No. 2340.  Filed October 28, 1926.]

[250 Pac. 253.]

W. W. CLACK and G. H. CLACK, Appellants, v. SAM BRETHOUR, Appellee.

Mr. C. W. Herndon, Mr. E. S. Clark and Mr. Ross H. Blakely, for Appellants.

Mr. Louis L. Wallace, for Appellee.

LOCKWOOD, J.—Sam Brethour, hereinafter called plaintiff, brought suit in the superior court of Mohave county against W. W. Clack and G. H. Clack, hereinafter called defendants, for the purpose of quieting title to the Half Moon and Silver Reef mining claims.

Defendants entered a denial of plaintiff's interest in said mining claims, and alleged by way of cross-complaint that the title to the ground in controversy was in themselves by reason of their location of the Noon No. 1 and Noon mining claims. The case was tried before a jury, which returned a verdict in favor of plaintiff as to the Silver Reef and in favor of defendants as to the Noon No. 1. Defendants then filed a motion for new trial, which was denied, and they appeal to this court from that portion of the judgment quieting plaintiff's title in the Silver Reef.

There were two assignments of error, but they raise together only one question of law, to wit, the sufficiency of the evidence to support the verdict and judgment as to the Silver Reef claim.

There are certain undisputed facts in the case which briefly are as follows: The C. O. D. Mines Company was the owner of some seven unpatented mining claims, among which were the C. O. D. and the Full Moon. Along in the latter part of June plaintiff was employed by one Dudley to do the assessment work on these claims. He, together with two or three other men, went on the C. O. D. claim about the 20th of June, and worked steadily on that property and a road leading thereto until 4:30 P. M. July 1st, 1923. About five o'clock that afternoon defendant W. W. Clack went upon the Full Moon mining claim for the purpose of relocating it, posted a notice and built a monument thereon, calling his relocation the Noon No. 1. Between nine and ten o'clock that night Mr. L. L. Wallace, who was attorney for Dudley, called plaintiff up over the telephone and informed him that the C. O. D. Mines Company had abandoned the ground, and, if he, plaintiff, wanted it, he had better go up and relocate it. At about seven o'clock the morning of July 2d plaintiff, in company with one Noli, went upon the C. O. D. claim and, according to

his testimony, built a discovery monument and posted a notice of location of the Silver Reef mining claim. He also testified that about eight-thirty A. M. the same morning he went upon the Full Moon ground, built a discovery monument, and posted a notice of relocation, calling the new claim the Half Moon, and that he discovered mineral in place on each claim at the time he posted each notice. Defendant Clack testified that about ten o'clock the morning of the 2d he went upon the C. O. D. claim, built a discovery monument, and posted a notice of relocation thereon.

It is not disputed that the subsequent monumenting of all the relocations, the location work and recording the notices of location, was done according to law. It is contended by defendants, however, that there is not sufficient evidence in the record that plaintiff complied with the law so far as the building of the location monument and the discovery of mineral in place is concerned. We have read the entire evidence as presented in the abstract of record. It appears from it that plaintiff testified positively to a compliance with the law in this respect, though he did not go into details as to the discovery of mineral, while defendant W. W. Clack testified to a state of facts which, if believed by the jury, would justify them in finding plaintiff had not told the truth. We then have a verdict based upon directly conflicting testimony and in a situation of this kind we have always held we will not disturb the finding of the jury. *Durazo* v. *Ayers,* 21 Ariz. 373, 188 Pac. 868; *City of Bisbee* v. *Thomas,* 24 Ariz. 614, 212 Pac. 190.

We cannot say there was not sufficient evidence to support the verdict, and the judgment is therefore affirmed.

McALISTER, C. J., and ROSS, J., concur.