[Civil No. 2576. Filed October 10, 1927.]

[259 Pac. 884.]

TREMAINE ALFALFA RANCH AND MILLING COMPANY, Appellant, v. J. C. CARMICHAEL, Appellee.

Messrs. Silverthorn & Van Spanckeren, for Appellant.

Mr. L. C. McNabb and Mr. L. J. Holzwarth, for Appellee.

McALISTER, J.—J. C. Carmichael brought suit against the Tremaine Alfalfa & Milling Company, a corporation, for damages he alleges he suffered as a result of the sale to him by the latter of twenty-four head of hogs, the claim being that the hogs were to the knowledge of the company affected with or had been exposed to cholera at the time of the sale. The jury returned a verdict in his favor for $900, and judgment for this amount was entered thereon. From the judgment as well as the denial of its motion for a new trial, the defendant appeals.

It appears from the record that on January 20th, 1926, appellee purchased the hogs and removed them from the company's ranch south of Mesa to his home just west of Phoenix, where he placed them in a two and one-half acre inclosure among thirty-seven other hogs he owned at the time. They consisted of four brood sows and twenty pigs ranging in age from three days to three weeks. The night following the day of their removal four of the largest pigs died, and thereafter deaths among them continued until all the twenty-four except two had gone, and within ten days or two weeks after they were brought to appellee's place cholera developed among those he had before they came, and within a short time this entire thirty-seven had also died from it.

The gravamen of the complaint is that the hogs purchased from appellant had the cholera when

appellee bought them, or had been exposed to it, and that appellant, its agents, or employees knew this, but notwithstanding their knowledge of it falsely represented to him that they were sound and free from any infectious or contagious disease, and that he relied upon this representation in purchasing them, which resulted in great damage to him. He prayed for a return of the purchase money, $103.50; for the value of the hogs he had on the ranch at the time, $980; for the services of a veterinary, $32.50, and for some other items which the court held were not actionable.

At the close of appellee's testimony appellant moved for a directed verdict upon the ground that there was no evidence showing that appellant knew when it sold the hogs to appellee that they had cholera or had been exposed to it, but this motion was denied, and its denial forms the basis of the first assignment. In the second, the sufficiency of the evidence to support either the verdict or the judgment is challenged, the ground assigned therefor being the same as that relied on to sustain the motion for a directed verdict, and since these present the same question they will be disposed of together.

The case is based upon fraud and deceit, and to sustain such an action it is necessary, first, that the representation by appellant that the hogs were not affected with cholera or had not been exposed to it was made as a statement of fact; second, that it was untrue; third, that it was known by the appellant to be untrue, or made in reckless disregard of its truth; fourth, that it was made with intent to deceive appellee and induce him to act upon it; and, fifth, that he did rely upon it and act thereon to his injury. Appellant contends that elements 3 and 4 are wholly without proof. Much of the evidence in the case, however, was directed toward these two propositions, and the court fully instructed the jury in regard

thereto. The verdict for appellee indicates that the jury was convinced that his contention thereon was correct, hence if there is any substantial evidence in the record supporting it there was under the holding of this court many times announced no error in the order overruling the motion for a directed verdict. Neither would there be any basis for the claim that the verdict and the judgment are not supported by the evidence.

The testimony discloses that in October, 1925, the appellant company received a shipment of several hundred hogs from Missouri, and that it placed them on the ranch its other hogs were running on, which consisted of 520 acres, though in a separate inclosure on the northeast portion of the ranch, the record failing, however, to disclose just how far away. It is admitted by appellant that soon after their arrival cholera developed among them, and it appears from the testimony of the employees of appellant that it took every precaution to prevent the disease from spreading to the hogs already there, that in consequence of this it was confined to those brought in from Missouri, and that inasmuch as those purchased by appellee did not come from these, but from the old ones which did not have the cholera, they were not affected with it nor had they been exposed to it at the time of the sale. Mr. Samuels, the general manager of appellant, testified that Dr. S. E. Douglas, state veterinarian, vaccinated all the hogs on the ranch, and some time afterwards said that it was all right to sell them.

A record of the loss of hogs was kept by appellant, however, and the portion covering the period from December 10th, 1925, to January 20th, 1926, was read in evidence by William Stermer, who had charge of the hogs, and it shows that eighty-five died during these forty-two days, and that only six of these were from the Missouri hogs. Just two days before the

sale to appellee four sows died, the day before one suckling pig and that day five. This witness, it is true, testified that many of these died from taking cold when it rained, and that the loss among the pigs was not abnormal. But Dr. Douglas stated that the record shown him by appellant disclosed a continuous loss from the time he went there late in November until appellee complained early in February following that his were dying, and it does not appear when he said it was safe to sell the hogs that he knew they had continued to die from the time he vaccinated them, for he never saw them after that, and the manager told him several times afterwards that they were getting along fine.

It being admitted, therefore, that cholera developed among the Missouri hogs, and the evidence disclosing that thereafter and up to the time of appellee's purchase there were so many deaths among the old ones, though they were in a separate inclosure some distance away, the conclusion that they did have the cholera and that appellant knew it was justified, notwithstanding the testimony that the disease did not spread to them and that many of them died from taking cold. Since appellee's hogs came from this bunch, and there is evidence that they began dying from cholera the night following the day of their removal and continued to die until all but two had gone, there would seem to be no question but that they had not merely been exposed to this disease, but were affected with it at the time of the sale, and that appellant knew it. If there had been no deaths among appellant's hogs between the time of the vaccination and the sale, or if appellant had informed appellee that they had cholera on the ranch in November and that deaths were still occurring frequently, but that it did not think it was from the cholera, appellant would have been in a better position to defend an action of this character, what-

ever may have been its status in an action based upon
the sale, in violation of paragraph 3696, Civil Code
1913, of an animal knowingly affected with a con-
tagious or infectious disease or that had been ex-
posed to one. It could not then be argued that it
represented the hogs to be sound when it knew other-
wise or that it did it in reckless disregard of the
true facts. Without discussing the testimony further,
it is clear that it justified the order denying the
motion for a directed verdict, and that it supports
the verdict and the judgment.

The only other assignment is based upon the ruling
admitting, over appellant's objection, testimony show-
ing that about this time it sold hogs from this ranch
to eleven other people, and that soon afterwards
seven or eight of them complained that cholera de-
veloped among them, the ground being that it was
irrelevant and immaterial unless it first appeared
that these other hogs were from the same lot as those
purchased by appellee. This testimony was intro-
duced to show that cholera existed among appellant's
hogs about this time, for, while it was admitted that
they had it in October or November, the testimony
in behalf of appellant was in the main that there
was none after that, and in view of the record in-
dicating that it existed in both the Missouri and the
other hogs, in other words, that the ranch was in-
fected with this dreadful disease, there was no error
in receiving it. It was strongly corroborative of
this fact.

Finding no error, the judgment is affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.