WILLIAM N. TWEED *v.* SAMUEL A. LOWE ET ALS.

WHETHER APPELLATE COURT SHOUD GRANT NEW TRIAL FOR ERROR in admitting evidence of a parol agreement between the parties when a written agreement was alleged, unless it is plain from the whole case that a different result would be reached on a new trial, *quære.*

PARTNERSHIP AGREEMENT REDUCED TO WRITING, BUT NOT EXECUTED by the partners, is not evidence of the terms and conditions of the partnership.

WHEN THERE IS EVIDENCE TO SUSTAIN THE JUDGMENT, the same will be affirmed.

APPEAL from a judgment of the district court of the first judicial district, county of Pima, entered in favor of the plaintiffs, and from an order denying the defendant a new trial. The opinion states the facts.

*Smith, Oury & Baker,* for the appellant.

*H. B. Summers,* for the respondents.

By Court, PINNEY, J.:

The complaint alleges that Samuel A. Lowe located the El Capitan mine in September, 1877, and that defendant William N. Tweed asserted title to and claims to be the owner of an undivided one half interest in said mine by virtue of a written agreement, which claim, it is alleged, is without any right whatever, etc. In the prayer it is asked that the defendant may be required to set forth the nature of his claim, and that a decree may be granted declaring and adjudging that plaintiffs are the owners of said mine, and

that defendant has no estate or interest whatever in said mine.

The answer admits that Lowe located the mine as alleged in the complaint, and that the plaintiffs are co-owners and in possession of the undivided half of said mining claim, but asserts ownership in and to one half of said claim. And this was the real issue which was tried by the court below without a jury. The issues of fact and conclusions of law were found against the defendant Tweed. A motion for a new trial was made and overruled, to which order the defendants duly excepted, and appealed therefrom to this court.

It is now insisted by appellant that the court below erred in permitting parol proof of the contract between the parties, when they had declared upon a written contract. The complaint alleges that the defendant claims by virtue of a written agreement, not that the plaintiff claims title by virtue of a written agreement, and even if the complainant did claim by virtue of a written agreement with the defendant, it is doubtful if this court would reverse the judgment for that reason, unless we could see from the whole case as presented that a different result would be reached on a new trial.

It seems from the proof that Lowe and Tweed did enter into some kind of an agreement for working and locating mines. The Little Giant was then discovered, and Lowe was at work on it, and Tweed was to become a half-owner by furnishing provisions, etc., to carry on the work. Tweed claims his agreement was that he should become a partner in the El Capitan mine as well as the Little Giant, while Lowe claims his agreement only applied to the Little Giant mine. Lowe had a writing drawn up, which he signed, and which he afterwards gave to Tweed, which writing Tweed had in his possession for some time, but never signed it. This writing was offered in evidence and excluded by the court. It never having been executed by the parties, it left the whole matter as if no writing had been drawn, and the case then rested on the parol agreement made at the time the contract was entered into between the parties.

And it is urged that the proof largely sustains the claim of appellant to an undivided half of the El Capitan mine.

We have examined the whole evidence as contained in the transcript, and, without enlarging upon the subject, we are satisfied the proofs sustain the judgment of the court below, and the same will be affirmed.

Judgment and order affirmed.

FRENCH, C. J., concurred.