## PEOPLE v. LYLE.

### No. 10,988; October 31, 1884.

4 Pac. 977.

**Jurors—Misconduct in Criminal Trial.—The Legal Presumption** is that jurors perform their duty, and that presumption is not overcome by proof of the mere fact that, during a trial which lasted over thirty days, two or three of the jurors, after the adjournment of the court for the day, drank a few glasses of liquor at the expense of the district attorney or that one of them took dinner at his house under circumstances rendering the act of invitation necessary, or took supper with counsel under similar circumstances. To set aside a verdict and grant a new trial on the ground of irregularities or misconduct of the jury, it must be either shown as a fact or presumed as a conclusion of law that injury resulted from such irregularity or misconduct, and where there has been no injury the verdict will not be disturbed.[1]

[1] Cited in note to Ann. Cas. 1912B, 750, on furnishing refreshment to juror by successful party as ground for new trial.

Cited and explained in People v. Lee Chuck, 78 Cal. 335, 337, 20 Pac. 726, 727, in which it is held that the drinking of intoxicating liquors by a jury is sufficient to invalidate its verdict, without a showing that the drinking affected, or might have affected, the result.

New Trial.—Alleged Newly Discovered Evidence of a fact known at the trial as to a matter about which one of the witnesses testified is no ground for a new trial.

Appeal.—Where No Objection is Taken to Irregularities on the Trial, the matter cannot be raised on appeal.

APPEAL from the Superior Court of Contra Costa County.

Attorney General Marshall for respondent; Mills & Jones and E. J. Emmons for appellant.

McKEE, J.—Appeal from an order denying a motion for a new trial, and from a judgment of conviction of murder in the second degree. The motion was made upon statutory grounds, but the case itself has been argued and submitted mainly upon one of them, namely, misconduct of the jury by which a fair and due consideration of the case was prevented. The alleged misconduct consisted of certain acts committed during the progress of the trial by the district attorney, his associate counsel, and some of the jurors. The acts were: That during the trial the district attorney, at his expense, treated some of the jurors to intoxicating liquors; that he presented one of them with a bottle of bitters, entertained him at his house with a dinner, and after dinner escorted him homeward; and that during the trial he and his associate counsel, at their expense, entertained the same juror and also a witness in the case at an oyster supper at which liquors were drank.

The affidavits read on the hearing of the motion show: That the trial of the case lasted over a month, commencing on the 10th of December, 1883, and ending, with intermissions, on the 11th of January, 1884; that at each adjournment the jury were allowed to separate under the instructions of the court; that during the recesses and adjournments of the court it was the practice of counsel engaged in the trial of the case —as· well those for the defense as those for the prosecution —jurors, and witnesses to "interchange courtesies" by treating and drinking with some of the jurors at the bars of saloons. Twice during the progress of the trial the district attorney treated two or three of the jurors. Once he invited to dinner one of them, who was at his house to get from him a bottle of bitters which he had promised the juror two

months before, and on another occasion the same juror took supper with the district attorney and his associate counsel, under circumstances which rendered his invitation to supper unavoidable, except by a violation of the law of social intercourse. The acts of drinking and the entertainments of the juror were all done in the recess or adjournments of the court, and at considerable intervals of time. On none of the occasions does it appear that there was any conversation between juror or jurors and counsel, or any of the persons present, about the case or the trial thereof, or the defendant, or anything in connection therewith. On the contrary, the affidavits clearly show that there was not a word spoken nor the slightest allusion made to the trial, or any of the parties connected with it, at either of the entertainments, or on the occasions of drinking at the bars of saloons. It may be conceded that acts of ordinary and neighborly kindness, or of hospitality, to jurors sitting in the trial of a case—especially one of a criminal nature—by attorneys engaged in the trial, are "more honored in the breach than the observance." The exercise of such acts during the progress of such a trial serves to place the parties performing them in a position capable of being injuriously interpreted by those who may be adversely interested in the trial, or who may be watching it from the standpoint of sympathy or feeling with the litigants, and in that way confidence in judicial proceedings may be affected; but in themselves, unaccompanied by words or circumstances tending to show improper motives, or that a bias might have been created in the minds of any of the jurors which injuriously affected the person against whom the verdict was rendered, they do not justify an inference that the jury were influenced by them in making up their verdict.

The legal presumption is that jurors perform their duty in accordance with the oath they have taken (People v. Williams, 24 Cal. 31), and that presumption is not overcome by proof of the mere fact that during a trial, which lasted over thirty days, two or three of the jurors, after the adjournment of the court for the day, drank a few glasses of liquor at the expense of the district attorney; that one of them partook of a dinner at the house of the same officer, under circumstances which rendered the act of invitation necessary; and of a supper at the hotel of his associate counsel, under like circum-

stances. Such acts, however improper or indiscreet, could not, in themselves, have affected the impartiality of any one of the jurors, or disqualified him from exercising his powers of reason and judgment; and they will not warrant a court in setting aside a verdict. "While the law," says Chief Justice Sharkey, "is rigidly vigilant in guarding and preserving the purity of jury trials, yet it will not, for light or trivial causes, impugn the integrity of juries, or question the solemnity and impartiality of verdicts": Hare v. State, 4 How. (Miss.) 187. It is the settled rule that to warrant the setting aside of a verdict and granting of a new trial, upon the ground of irregularities and misconduct of a jury, it must be either shown as a fact, or presumed as a conclusion of law, that injury resulted from such misconduct. When it is clear that the party against whom the verdict has been found was not injured by the misconduct, the verdict will not be disturbed.

There is nothing in People v. Gray, 61 Cal. 164, 44 Am. Rep. 549, which conflicts with this conclusion. In that case the jury had, during the trial, drank freely, if not grossly, of liquors procured by themselves. Upon the submission of the case to them for their deliberation some of them took bottles of whisky with them into the jury-room, and there was evidence tending to show that one of them, while deliberating on the verdict, drank so much as to unfit him for the proper discharge of duty. There is no doubt that the actual drunkenness of a juror will always vitiate a verdict. But here there is no showing that any juror was under 'the influence of liquor while on duty, or that any liquor was drank at any time while on duty; and there is nothing in the acts charged from which the court could reasonably infer that they, in the slightest degree, influenced the result.

There is no basis for the charge that the sheriff improperly spoke to one of the jurors about the evidence in the case. The alleged newly discovered evidence of a fact known at the trial, as to a matter about which one of the witnesses testified, is no ground for a new trial. No diligence is shown for not using the fact as evidence. Besides, it merely tended to impeach the evidence of the witness on a former trial; and a new trial is not grantable for merely impeaching evidence. There was no objection taken to the alleged transgression of

the district attorney in the argument of the case. The court itself interposed to stop it, and the attorney desisted. There was no error in the charge of the court. Judgment and order affirmed.

We concur in the judgment, and in the conclusion reached in the foregoing opinion: McKinstry, J.; Ross, J.