[Civil No. 133.   Filed August 17, 1885.]

[S. C. 7 Pac. 718.]

## THE COPPER QUEEN MINING COMPANY, Appellant, v. THE ARIZONA PRINCE COPPER COMPANY, Respondent.

1. APPEAL AND ERROR—JUDGMENT UPON VERDICT WHERE THERE IS SUB-STANTIAL CONFLICT IN EVIDENCE WILL NOT BE DISTURBED.—A judgment based upon a verdict where there is a substantial conflict in the evidence should not be disturbed by the appellate court.

2. JURY—MISCONDUCT OF—USE OF INTOXICANTS—ACTUAL INTOXICATION DISQUALIFIES—PARTY FURNISHING SAME CANNOT COMPLAIN WHERE ACTUAL INTOXICATION DOES NOT RESULT—VERDICT WILL NOT BE DIS-TURBED WHERE INTOXICANTS USED HAD NO INFLUENCE ON JURY.— Intoxication will disqualify a juror from the performance of his duty and amounts to misconduct. Where both parties prepared a feast for the jury at which liquors were served neither party can be heard to complain of the act and performance which they jointly inaugurated, without proof of intoxication to the extent of dis-qualifying the jury, or some members thereof, for a proper discharge of duty. Courts will not disturb a verdict when satisfied that intoxi-cating liquors had no influence upon the jury.

OPINION ON RE-HEARING—JUDGMENT AFFIRMED.—Post, 169.
DISMISSED ON MOTION—127 U. S. 782; 32 Law Ed. 331.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Cochise. Affirmed.

The facts are stated in the opinion.

Lewis and Dibble, W. H. Stilwell, and John Haynes, for Appellant.

Arizona, like Nevada, has adopted the old practice act of California, which has not been much changed by the Code of Civil Procedure. In such cases it has always been the rule to give great weight to the decisions of the parent State. The rule which has always governed the Supreme Court of California is that if there be a *substantial* conflict in the

evidence the appellate court should not interfere; but if the great preponderance is against the finding or verdict the court should reverse it. *Witherby* v. *Thomas,* 55 Cal. 11; *Livermore* v. *Stine,* 43 Cal. 277; *Clark* v. *His Creditors,* 57 Cal. 639; *Downey* v. *Hellman,* 58 Cal. 63; *Fresno etc.* v. *McCarthy,* 59 Cal. 309.

If the conflict is undoubted and substantial an order overruling a motion for new trial will not be interefered with. *Price* v. *Sturgis,* 44 Cal. 597.

The rulings of district courts denying motions for new trial have repeatedly been reversed and a new trial granted by the Supreme Court when there was some evidence tending to support the verdict, on the ground that it was not supported by the evidence. *Branson* v. *Caruthers,* 49 Cal. 381; *Carpenter* v. *Gardner,* 29 Cal. 161; *Franklin* v. *Dorland,* 28 Cal. 175, 87 Am. Dec. 111; *Guerrero* v. *Ballerino,* 48 Cal. 118.

There is a great conflict of authority as to what misconduct will be sufficient to warrant a court in setting aside a verdict of a jury on the ground of misconduct. In an early day there was some uniformity in the cases, the rule being that any drinking of intoxicating liquor was sufficient to vacate the verdict. *Power* v. *Van Buren,* 7 Cow. 562; *Ryan* v. *Harrow,* 27 Iowa, 494, 1 Am. Rep. 302; *Gregg* v. *McDaniel,* 4 Harr. 367; *Deputy* v. *Betts,* 4 Harr. 352; *Perry* v. *Bailey,* 12 Kan. 539; So in Indiana: *Davis* v. *State,* 35 Ind. 496, 9 Am. Rep. 760; likewise in New Hampshire: *State* v. *Bullard,* 16 N. H. 139; *Leighton* v. *Sargent,* 31 N. H. 119, 64 Am. Dec. 323; so too in Arkansas: *Pelham* v. *Page,* 6 Ark. 535; Hilliard on New Trials, Sec. 199, Sec. 2, A; *People* v. *Gray,* 61 Cal. 183, 44 Am. Rep. 549; *Johnson* v. *Root,* 2 Cliff. 108. Fed. Cas. No. 7409; *Jones* v. *State,* 13 Tex. 182, 62 Am. Dec. 550; *Early* v. *State,* 1 Tex. App. 248, 28 Am. Rep. 413; *State* v. *Bruce,* 48 Iowa, 530, 30 Am. Rep. 403.

Other cases hold that the mere drinking will not vitiate the verdict, but if there is any reason to believe that any juror drank to excess the verdict must fall. *Wilson* v. *Abrahams,* 1 Hill, 207; *Commonwealth* v. *Roby,* 12 Pick. 512-519; *Richardson* v. *Jones,* 1 Nev. 405; Thompson & M. on Juries, 457, § 378.

The quantity of liquor drank ought to satisfy the court that they could not be otherwise than affected by it. Two or three drinks before dinner, eighteen bottles of wine at dinner, and then beer and whiskey in the jury room afterwards, were sufficient to upset the jury.

The plaintiff makes answer that we consented to allow the jury to have wine at their dinner. That is not by any means satisfactorily shown; but, if it were so, it cannot be claimed that we consented that the jury should have drinks before and after dinner, nor that they should drink to excess.

Remarks made by jurors showing prejudice, though of itself perhaps not sufficient to justify setting aside a verdict, are always considered by the courts in determining whether a new trial should be granted. Thompson & M. on juries, 443; 445 (3); 447 (4); 462 (4).

So, too, it has always been held that the separation of a jury under suspicious circumstances vitiates the verdict. *Smith* v. *Thompson,* 1 Cow. 221; *Horton* v. *Horton,* 2 Cow. 589; *Oliver* v. *First Presbyterian Church,* 5 Cow. 283; *Wilson* v. *Abrahams,* 1 Hill, 207; *State* v. *Jones,* 7 Nev. 408; Thompson & M. on Juries, 353, 356, 364, 367 and 380.

Here we have not only shown the separation of the jury, under suspicious circumstances, but several such separations. It is shown that the juror Todman separated twice from his fellows to talk to the man Williams, with whom, a few days later, he left Tombstone, and who afterwards wrote that for a thousand dollars he could furnish evidence that the jury were drunk, and that other irregularities had occurred. This man's letter is among our affidavits, and if the court will read it, it will see what character of men we had to encounter.

Campbell, Williams and Robinson, for Respondent.

HOWARD, C. J.—Action of ejectment for the recovery of mining ground. Judgment in the district court of Cochise county for plaintiff. Motion by defendant for a new trial denied, from which judgment and order denying motion defendant appeals to this court. By stipulation, appearing in the record, the question of location, corporate existence, and claims for damages for value of ore extracted, made by

plaintiff's complaint, and the cross-complaint of defendant, are eliminated from the case, leaving for review, on appeal, the legal right of the parties to the body of ore involved in the issue, and the question presented by the appellant's specification of errors—alleged misconduct of the jury.

Plaintiff, the Arizona Prince Copper Company, and defendant, the Copper Queen Mining Company, own adjoining claims, with a common side line of between 500 and 560 feet. By the allegations of the complaint, and the evidence of plaintiff, the claim is asserted and sought to be established that the apex or outcrop of the vein is on the ground of plaintiff, and that it has the right to follow it beyond and under the side line into the adjoining ground of defendant. The defendant by cross-complaint admits a portion of the outcropping to be on plaintiff's ground, and alleges, and gives evidence tending to establish the fact alleged, that part of the outcropping is on its ground; that the vein at the surface divides, and that one division extends into defendant's ground, the other running into plaintiff's ground. Plaintiff admits that a streak of the ore-bearing rock comes to the surface of defendant's ground, but contends that it is outside of the walls of the vein, and is but a spur of the main vein which outcrops on plaintiff's ground. The plaintiff claims that both walls of the vein are on its ground, and defendant practically concedes that the foot wall is on plaintiff's ground, but denies that the hanging wall is.

The issue made by the pleadings as to the character of the body of ore—whether a lead, load or vein—and other questions of fact, notably the particular location of the apex of the vein with reference to the boundaries of the respective claims, the dip and course of the vein, etc., as well as the question in controversy above referred to, were all questions of fact no more positively asserted and insisted on the one side than denied and controverted by the other, not only by the pleadings, but by the evidence in the case. There is not a material fact involved in the issue joined between the parties which was not on the trial controverted, and that by evidence not only conflicting in its character, but in our opinion bringing the case clearly within the rule of ''substantial conflict'' in the evidence. The immense volume con-

stituting the record in this case contains over 600 pages of evidence, and we have examined it with a view to ascertain if there was one material fact in controversy in the issue upon which there was not sufficient evidence on either side to clearly warrant the application of the rule of non-interference of the appellate court where there is a substantial conflict in the evidence. If we were to accept the rule insisted upon by appellant, that "if the great preponderance of evidence is against the findings or verdict the court should reverse it," (which we do not accept as a correct rule of action for the appellate court,) we fail to find in the mass of testimony *pro* and *con,* on each of the contested propositions involved in this case, that "great preponderance" which would bring our action within such a rule. Even that rule would not warrant our interference with this judgment. The issues were plainly and squarely presented by the pleadings at the trial, and the too-frequent conflict of "expert testimony" is more apparent than the conflicting testimony of non-professionals on the material facts involved. The case is clearly within the well-established rule that a judgment based upon a verdict where there is a substantial conflict in the evidence should not be disturbed by the appellate court. *Union Pac. Ry. Co.* v. *Diehl,* 33 *Kan.* 422, 6 *Pac.* 566; *Pringle* v. *Spaulding,* 53 *Barb.* 21; *State* v. *Yellow Jacket S. M. Co.,* 5 Nev. 415; *Kimball* v. *Gearhart,* 12 Cal. 48; *Farrell* v. *Enright,* 12 Cal. 452; *Richardson* v. *McNulty,* 24 Cal. 348; *Iburg* v. *Suanet,* 47 Cal. 267; *McMurray* v. *Basnett,* 18 Fla. 609; *Gower* v. *Quinlan,* 40 Mich. 572; *Elliott* v. *Van Buren,* 33 Mich. 49, 20 Am. Rep. 668.

The alleged misconduct of the jury appears by the record to have been carefully and thoroughly investigated by the court below on the motion for a new trial. We concur in the conclusions arrived at by that court. While it is true that the jury "were feasted and wined" at the dinner ordered by the sheriff, by the agreement of both plaintiff and defendant, (a proceeding which the officer in charge of the jury ought not to have permitted, even by consent of both parties,) we are yet unable, after reading the many affidavits bearing upon the question of the alleged intoxication of members of the jury, to come to the conclusion that any of them indulged

in liquors to the extent of intoxication, or that, by reason of the eating and drinking by the jury, at the joint expense of the parties, the jury, or any member thereof, was unfitted for the intelligent, fair, and impartial performance of duty. That intoxication would disqualify a juror from the performance of his duty, and amount to misconduct, there can be no question; and while it is true that there is some evidence from which the fact of the use of liquor by the jury other than that drank at the supper table may be legitimately inferred, much of the showing to impeach the verdict was speculative, and of a character not commending itself to our confidence. We cannot find from the evidence that any juror was intoxicated, or under the influence of liquor. The plaintiff and defendant prepared the feast and inaugurated the festivities. Neither can be heard to complain of the act and performance which they jointly inaugurated, without proof of intoxication to the extent of disqualifying the jury, or some members thereof, for a proper discharge of duty. The rule is well established that courts will not disturb a verdict when satisfied that intoxicating liquors had no influence upon the jury, and we are satisfied on that point in this case. *Jones* v. *People,* 6 Colo. 452, 45 Am. Rep. 526; *State* v. *Jones,* 7 Nev. 408; *Richardson* v. *Jones,* 1 Nev. 406; *Kee* v. *State,* 28 Ark. 165; *State* v. *West,* 69 Mo. 401. 33 Am. Rep. 506; *State* v. *Sparrow,* 3 Murph. 487; *Pittsburg, etc., Ry. Co.* v. *Porter,* 32 Ohio St. 333; *People* v. *Lyle,* Cal. 4 Pac. 977; *May* v. *People,* 8 Colo. 210, 6 Pac. 816.

The charge of the court, including the instructions asked and given, taken as a whole, gave the law fairly and correctly to the jury. We find no valid ground for a reversal. The judgment and order of the court below denying the motion for a new trial are affirmed.

Fitzgerald, J., concuring.

Pinney, J., having tried this case in the court below, took no part in the decision.