[Civil No. 236.    Filed April 5, 1888.]

[S. C. 17 Pac. 564.]

## DANIEL O'TOOLE, et al., Plaintiffs and Appellants, v. JOHN MELANDER, et al., Defendants and Appellees.

1. APPEAL AND ERROR—CONFLICT OF EVIDENCE—VERDICT OF JURY WILL NOT BE DISTURBED.—Where the testimony is contradictory this court will not disturb the verdict of a jury.
2. TRIAL—SUIT IN EQUITY—VERDICT OF JURY ADVISORY.—In a suit in equity a verdict of the jury is only advisory.

APPEAL from a Judgment of the District Court of the First Judicial District in and for the County of Cochise. Wm. H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Ben Goodrich, for Appellants.

Herring & Herring, (Thomas Mitchell, of counsel,) for Appellees.

The only question in this case was whether the work or improvement required by this law had been done for or by the plaintiffs for the year 1885.   This naked question of fact was submitted to a jury and was found in our favor, and thereupon the plaintiff's complaint was dismissed by the Court.

This was not an action of ejectment, but an action to quiet title, which under our practice is treated as a bill in equity. *Brandt* v. *Wheaton,* 52 Cal. 430.   A verdict of a jury in such a case is merely advisory, and hence an appellate court will never consider the question—whether the verdict was right, or whether the court ought or not to have disregarded it, or whether he ought to have granted a new trial of the issue by the jury.   *Bates* v. *Gage,* 49 Cal., 126.   But we submit that under any system of practice where the evidence was oral, the reason of the thing would forbid the appellate court to disturb the finding or verdict unless it affirmatively appears that the finding or verdict was clearly unsupported by any evidence.

The learned judge at the trial was not bound by the rules which govern at common law.   The object of a verdict in a chancery case is, to advise the court and satisfy his conscience; and hence the court will often direct the issue to be tried over again, if his conscience is not thoroughly informed, in cases in which at law a new trial would be refused.   Daniel Ch. P., p. 1120-21 (5 ed. p. 1073.)   Or, if satisfied that the verdict is wrong, he may disregard it entirely, and in entering the decree find the fact as he thinks the evidence requires him to.   *Basey* v. *Gallagher,* 20 Wall. 679.   In the present case the trial Judge was urged to do this, and was thoroughly advised in the premises, but he adopted the finding of the jury and dismissed the plaintiffs' action.

PER CURIAM.—The only question arising in this cause

is whether or not the assessment work of $100, required by the act of congress, was done in the year 1885. The action was to quiet title. A jury was had, which jury rendered a verdict for the appellees. The testimony was contradictory, and it is too well settled to require citations of authorities, that the supreme court will not disturb the verdict of the jury when such a contradiction exists. This being an action in equity, and the verdict being only advisory, the trial judge would feel less hesitancy to disregard the verdict than in an action at law. The judge, as well as the jury, was brought face to face with the witnesses, and could judge of their credibility. The injunction is dissolved, and the judgment affirmed.

Wright, C. J., and Porter and Barnes, JJ., concur.