## T. DENNIE BOARDMAN *vs.* CHARLES S. HANKS.

Suffolk.    November 17, 1903. — May 19, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Agency.    Broker.*

If a real estate broker is employed to procure an option to purchase certain real estate at a price named, and does so, but his customer after obtaining the option decides not to purchase the property, the broker is entitled to a commission only on the price paid for the option and is not entitled to a commission on the price at which his customer acquired the right to purchase the property.

*Semble*, that if a real estate broker procures for a customer an option to purchase certain real estate at a price named, and the customer avails himself of the option by purchasing the property, the broker, in the absence of an agreement as to his compensation, is entitled to a commission on the amount of the purchase money and not merely on the price of the option.

MORTON, J.   This is an action by a broker against his principal to recover commissions.   The declaration contained ten counts and alleged an employment of the plaintiff by the defendant to effect a purchase and sale of certain real estate called Misery Island at the mouth of Salem Harbor, and that he effected such purchase and sale, and also that he was employed by the defendant to obtain an option for the purchase and sale and did so.   The case was heard by the Chief Justice of the Superior Court without a jury.   The Chief Justice found "that the defendant did not employ the plaintiff in any capacity whatever to purchase or sell the real estate, . . . nor did the plaintiff buy or sell said real estate, nor did any services of the plaintiff in relation thereto bring about any purchase or sale of said real estate."   The Chief Justice also found that the plaintiff was employed as a real estate broker by the defendant to obtain from one Mason an option for the purchase of the real estate for the sum of $100,000, and that the plaintiff procured the option for which $1,000 was paid, and subsequently, at the request of the defendant, procured an extension of the option for $500, but that no purchase or sale resulted from the option.   The Chief Justice further found that there was no agreement as to the plaintiff's compensation for obtaining the option other than that implied

by law from the employment, and in effect ruled that the plaintiff was entitled to reasonable compensation, and that reasonable compensation would be two and one half per cent on the value of the option, which he found was $1,500. The Chief Justice accordingly found and ordered judgment for the plaintiff for the sum of $37.50. The plaintiff duly excepted.

We think that the ruling was right. If the plaintiff had been employed by the defendant to purchase the property, and had procured, as he did, from the owner or the person representing him, a valid and binding agreement to sell, and the defendant had for any reason declined to go on with the transaction and complete the purchase, it is clear that the plaintiff would have been entitled to his commission. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. So, if the plaintiff had been employed by the defendant to procure an option as incident to a negotiation for a contemplated purchase, and had done so, and the defendant had availed himself of the services rendered by the plaintiff in procuring the option to purchase the property, we cannot doubt that the plaintiff would have been entitled to compensation for the purchase thus effected. But neither one of these things happened in this case. The plaintiff was not employed by the defendant to purchase the property, but simply to get an option, and the defendant did not avail himself of services rendered by the plaintiff in procuring an option as an incident in negotiations for a purchase, to make the purchase. The option gave the defendant the right to purchase the property or not as he saw fit. He decided not to purchase, as he had a right to do and as the plaintiff understood that he might do when he undertook to procure the option. We see no ground on which it can be held that the plaintiff is entitled to the same compensation to which he would have been entitled if he had been employed to purchase the property. In that case the situation would have been an entirely different one. What the plaintiff was entitled to was reasonable compensation for the services rendered in procuring the option, and the Chief Justice so ruled, and must be deemed so to have found.

*Exceptions overruled.*

*H. E. Bolles*, ( *O. O. Partridge* with him,) for the plaintiff.

*H. E. Warner*, for the defendant.