[*Civil No. 841.  Filed October 29, 1904.*]

[78 Pac. 367.]

ROBERT PRINGLE, Defendant and Appellant, v. FRANK M. KING, Plaintiff and Appellee.

1. TRIAL—EVIDENCE—EXCLUSION—MOTION TO STRIKE OUT—NECESSITY FOR.—Where plaintiff sues on two counts, and after his evidence is closed elects as to the count on which to go to the jury, in order to effect the exclusion from the jury of evidence material only to the abandoned count, or to avail himself of an adverse ruling thereon, defendant should have moved to strike such evidence from the record following plaintiff's election.

2. EVIDENCE—WRITTEN INSTRUMENT—EXPLANATION BY PAROL.—Plaintiff, a broker, suing for compensation for services in making a sale, introduced a memorandum of terms of sale containing a phrase, "Will give 5 days to accept above deal." Defendant contended the memorandum represented a new agreement made between the parties on April 28, 1902, definite and certain in its terms, whereby plaintiff was given an option to purchase defendant's property at any time within five days from the date thereof, and that this agreement superseded all previous contracts, and that as plaintiff had not purchased the property himself nor produced a purchaser within the five days he could have no claim against the defendant. Plaintiff claimed that he had been commissioned to sell the property prior to the making of this memorandum; that the terms had been modified several times; that the memorandum was but one such modification; and that the time restriction therein merely related to the particular terms of sale therein contained, but did not limit the plaintiff's right to present a purchaser. *Held,* that the court committed no error in admitting parol evidence to explain the memorandum.

3. APPEAL AND ERROR—INSTRUCTIONS—ERROR IN—MUST BE URGED UPON MOTION FOR NEW TRIAL.—Error in an instruction which might have been good ground for a new trial below will not be reviewed on appeal, unless the same shall have first been presented to such court by motion for a new trial.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Gila. Edward Kent, Judge. Affirmed.

The facts are stated in the opinion.

E. J. Edwards, and J. S. Sniffen, for Appellant.

George J. Stoneman, for Appellee.

DAVIS, J.—The appellee, Frank M. King, brought an action in the court below against Robert Pringle to recover the sum of six thousand dollars, which he claimed to be due him for services, as broker, in effecting the sale of certain property of the defendant, consisting of ranches, horses, and cattle. The complaint contained two counts, in the first of which it was alleged that "the defendant agreed with the plaintiff that plaintiff should have the right, power, and authority to negotiate and sell the said ranches, horses, and cattle for such price as the plaintiff might be able to effect, and that the plaintiff was authorized to sell the said property for any price in excess of fifty thousand dollars, and the defendant agreed that the plaintiff should have and receive from him, as compensation for negotiating such sale, such sum of money as the said property should be sold for above said sum of fifty thousand dollars; that thereafter, between the months of January, 1902, and May 19, 1902, he found purchasers for said property, viz., W. A. and A. L. Hobson and Jos. E. Wise, to whom the defendant sold the said property, as a result of the negotiations of plaintiff as aforesaid, for the sum of fifty-six thousand dollars, which said sum the defendant received as the proceeds of the sale thereof; whereby the said defendant became liable to the plaintiff in the sum of six thousand dollars." The second count alleged that "the plaintiff and defendant contracted together that the said plaintiff should negotiate and sell

the said property, and that, in event the same should be sold, the defendant agreed to pay to the plaintiff, as a broker, for selling the same, such sum of money as his services were reasonably worth, and the usual compensation to brokers in such transactions; that plaintiff . . . furnished and produced to the defendant a buyer for the said property, and the said property was sold to W. A. and A. L. Hobson and Jos. E. Wise, and the said defendant received as the purchase price for said property the sum of fifty-six thousand dollars; that thereby, then and there, the said defendant became liable to plaintiff for his compensation as broker as aforesaid the usual percentage for such transactions and the amount which plaintiff's services were reasonably worth; and that said services so rendered as aforesaid were worth the amount of six thousand dollars." The answer was a general denial of the allegations of the complaint. The cause was tried before a jury. At the close of his evidence, the plaintiff elected to rely upon the *quantum meruit* count of his complaint, and the trial thenceforth proceeded upon that basis. The jury returned a verdict in the plaintiff's favor for the sum of twenty-five hundred dollars, and the court entered a judgment in accordance with the verdict. From this judgment the defendant appeals.

It is claimed that the trial court erred in the admission of evidence offered by the plaintiff over the defendant's objection, and several specifications are made. The court followed the rule laid down in *Willard* v. *Carrigan*, 8 Ariz. 70, 68 Pac. 538, and did not require the plaintiff to elect in advance, upon which of the two counts contained in the complaint he would proceed, and it thus occurred that some evidence was introduced which properly tended to support one count, but which was irrelevant and immaterial to the other. In order to effect the exclusion of such evidence from the jury, or to avail himself of an adverse ruling thereon, there should have been a motion by the defendant to strike it out, following the plaintiff's election of the count upon which he would rely. No such motion was made, however. A copy of a certain letter which the plaintiff testified to having received from the defendant during the period of his alleged agency was admitted, over an objection that a sufficient foundation had not been laid for

the introduction of the secondary evidence. As to this point, however, the record satisfies us that the copy was properly admitted, and it is noteworthy that the defendant, when on the witness-stand, made no attempt to deny the authenticity of the letter. A certain exhibit was introduced in evidence by the plaintiff, which was in the words and figures following, to wit:—

"Pay $50,000.

"$10,000 down in cash, bal. in six months.

"Turn in to Pringle money on cattle sold or shipped as follows:

| | |
|---|---|
| 1 yr. steers | $13 |
| 2 " " | $16 |
| 3 " " | $19 |
| 1 " heifers | $11 |
| 2 " " | $12 |
| Cows 3 & up | $13 |
| Bulls | $10 |
| Cows & calves | $19 |

"Will give five days to accept above deal.

"Globe 4-28-02.                    ROBERT PRINGLE."

This memorandum had been given to the plaintiff by the defendant during a conference which they had at Globe on April 28, 1902. Previous to that time, as the evidence shows, the plaintiff, under authority from the defendant, had been exerting himself to find a purchaser for the property referred to in the complaint, upon other terms of sale than those indicated in this memorandum. He had been in negotiation, among others, with W. A. Hobson and A. L. Hobson, residents of Ventura County, California. He had been the first to bring the property to the notice of the Hobsons, and had induced them to visit and examine the same, accompanying them on the trip. This was late in March or early in April of 1902. No immediate sale resulted from this visit for the reason that a satisfactory price and terms could not be agreed upon. After the conference which plaintiff and defendant had on the twenty-eighth day of April, when a modification was made in the terms of sale, the plaintiff reopened negotiations with the Hobsons, and again

interested them in the property. Through their associate,
Jos. E. Wise, they took up the matter personally with plaintiff, but, a question having arisen as to the latter's authority
to longer represent the owner, they subsequently conducted
negotiations directly with the defendant, which terminated
in the purchase of the property by the Hobsons and Wise
on May 19, 1902, at the price of fifty-six thousand dollars.
The court admitted extrinsic evidence to explain the purpose of the foregoing memorandum and the meaning of the
phrase, "Will give 5 days to accept the above deal," as used
therein. This was done over the defendant's objection that
such evidence would tend to vary the terms of a written instrument. The defendant was contending that the memorandum represented a new agreement made between the parties on April 28, 1902, definite and certain in its terms, whereby the plaintiff was given an option to purchase the defendant's property at any time within five days from the date
thereof, and that this agreement superseded all previous
contracts under which the plaintiff had been endeavoring to
negotiate a sale of said property; that, as plaintiff had not
purchased the property himself nor produced a purchaser
within the time limit prescribed, he could have no claim
against the defendant. The plaintiff, on the other hand,
was proceeding upon the theory that he had been commissioned by the defendant in January, 1902, to sell the property referred to, and that thereafter, from time to time, by
means of letters, telegrams, and personal conversations, the
terms upon which the sale might be effected had been modified; that the memorandum given to the plaintiff on April
twenty-eighth was but such a modification, and was intended
for plaintiff's use as a new basis of sale; that the time restriction therein mentioned limited the continuance of the
specified terms of sale, but was not intended to be a limitation upon the plaintiff's right to present a purchaser at
any time willing to buy at a price and upon terms satisfactory to the defendant. Under the circumstances of the case
we think it plain that the court committed no error in admitting parol evidence to explain the memorandum, but
that the same was necessary for the ascertainment of the
nature of the contract existing between the parties. We
have also examined the rulings of the court in connection

with the admission of the testimony of the witnesses Jos. E. Wise, J. H. Thompson, W. A. Hobson, and A. L. Hobson, and fail to discern therefrom wherein there was prejudicial error.

It is sought to predicate error upon one of the instructions which was given to the jury at the request of the plaintiff. Upon referring to the motion for a new trial in the case, we find that it was not urged as one of the grounds thereof that the court had erred in its charge to the jury. It is a rule of this court, frequently reiterated, that it will not review any alleged error which might have been good ground for a new trial in the court below, unless the same shall have first been presented to such court by motion for a new trial. *Putnam* v. *Putnam*, 3 Ariz. 182, 24 Pac. 320; *Richards* v. *Green*, 3 Ariz. 227, 32 Pac. 266; *Svea Insurance Co.* v. *McFarland*, 7 Ariz. 131, 60 Pac. 936; *Newhall* v. *Porter*, 7 Ariz. 160, 62 Pac. 689.

We believe that the verdict and judgment in this case are fairly supported by the evidence, and the facts are therefore not subject to our review. Upon the whole record we find no reversible error, and the judgment of the district court is affirmed.

SLOAN, J., and DOAN, J., concur.