[Civil No. 1077.   Filed March 20, 1909.]

[100 Pac. 779.]

CHARLOTTE PICKTHALL, Administratrix of the Estate of JOHN EDWIN FRANCIS, Deceased, Plaintiff and Appellant, v. ALBERT STEINFELD, Defendant and Appellee.   ALBERT STEINFELD, Defendant and Appellant, v. CHARLOTTE PICKTHALL, Administratrix of the Estate of JOHN EDWIN FRANCIS, Deceased, Plaintiff and Appellee.

1. NEW TRIAL—GROUNDS—REFUSAL TO INSTRUCT.—A motion for a new trial may be predicated upon the refusal of instructions.

2. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—NECESSITY FOR MOTION FOR NEW TRIAL.—The losing party must avail himself in the trial court of all opportunities provided by statute for the review there of its rulings; and, where a motion for new trial is not made, assignments of error which might have been presented by the motion are not reviewable.

3. FRAUD—ACTS CONSTITUTING FRAUD—CONTRACT TO CONVEY PROPERTY OF THIRD PERSON.—It is not *prima facie* fraudulent for one person to contract to convey to a second person the property of a third person, without provision for payment of any sum to the third person, even though the relation between the first person and the the third person be fiduciary, as to establish fraud it must appear that the third person was in fact deprived of his property.

4. PARENT AND CHILD—PROPERTY OF CHILD—SALE BY PARENT—FRAUD —EVIDENCE.—Evidence *held* not to show that a conveyance by a mother of property in which her minor child had an interest constituted a fraud upon the minor.

5. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—INSTRUCTIONS.—In an action for fraud, where there was no evidence of consummated fraud, a charge that if the jury should find the fraud as pleaded, nominal damages alone should be allowed, if erroneous, was not prejudicial to plaintiff.

APPEAL and cross-appeal from a judgment of the District Court of the First Judicial District, in and for the County of Pima.   John H. Campbell, Judge.   Affirmed.

The facts are stated in the opinion.

Frank H. Hereford, and Edwin F. Jones, for Appellant Pickthall.

Ordinarily, where fraud is charged, the intent of the parties is a proper inquiry; but not so where it has been reduced

to writing.   6 Ency. of Ev., p. 61; *Flower* v. *Brumbach,* 131 Ill. 646, 23 N. E. 335.   When protracted negotiations result in a written contract which in plain terms sets out the contract, the contract alone is the evidence of its terms and conditions.

Eugene S. Ives, and S. L. Pattee, for Appellee Steinfeld.

NAVE, J.—Charlotte Pickthall, as administratrix of the estate of John Edward Francis, deceased, brought suit against Albert Steinfeld to recover the value of decedent's interest in certain mining claims, conveyance of which is alleged to have been obtained by Steinfeld by a fraud perpetrated with the co-operation of decedent's mother and another, upon decedent, who at the time of conveyance was a minor.   Upon the conclusion of the taking of testimony on behalf of the plaintiff the defendant, as well as the plaintiff, rested.   The defendant then moved for an instruction to the jury that a verdict be returned for him.   This motion was denied.   The case was submitted to the jury under the instruction by the court that, should they find for the plaintiff, they should find nominal damages only.   The verdict was returned for the plaintiff in the sum of one dollar.   Both plaintiff and defendant have appealed.

The defendant Steinfeld as appellant assigns as errors that the court erred in overruling the demurrer interposed by the defendant to the complaint, and, further, that the court erred in denying the defendant's motion for an instructed verdict. The first assignment of error is not urged in the brief, and does not appear to be well taken.   The refusal of instructions is one of the grounds upon which, by our statutes, motions for new trial may be predicated.   Such motion was not filed by the defendant.   We have had frequent occasion to announce and apply the doctrine that the losing party must avail himself, in the trial court, of all opportunities provided by statute for the review there of its rulings, and that, where a motion for new trial was not made, we will not review the assignments of error which might have been presented by such motion.   *Copper Belle Min. Co.* v. *Costello,* 11 Ariz. 334, 95 Pac. 94; *Turner* v. *Franklin,* 10 Ariz. 188, 85 Pac. 1070. We cannot with propriety consider this second assignment of error.

The plaintiff Pickthall as appellant contends that there is evidence in the record which would have supported a verdict for substantial damages, wherefore the court erred in his instruction restricting the jury to the returning of nominal damages. She bases other assignments of error upon the rulings of the trial court in admitting and rejecting offered evidence. It is incumbent upon her to prove the alleged fraud. If that be established, then in order that she should recover more than nominal damages, she must prove that the interest of her decedent had substantial value in excess of the amount realized by the decedent from the sale. The evidence in the case discloses that during the minority of the decedent (one of several then minor children of Margaret Francis, a widow) Steinfeld entered into a contract with Margaret Francis and one Julius Volkert, whereby they conveyed to him certain mining claims. These mining claims had been located by Volkert and John Francis. The latter having died intestate, his one-half interest in the locations descended one-half to his widow Margaret Francis, and one-half to their children. The contract in question provided that on the execution thereof Steinfeld should pay to Margaret Francis and Volkert the sum of $1,875, and that upon the conveyance to him of the interest of the children, he would pay to Margaret Francis and Volkert the additional sum of $625. The instrument was so drawn as to operate as a conveyance by Margaret Francis and Volkert to Steinfeld of the mining claims in question. There was further provision that Steinfeld should endeavor to sell the mining claims, and that upon the sale thereof he should immediately pay to Margaret Francis and Volkert the additional sum of $12,500, and that under certain conditions, in default of a sale by him, he should reconvey the property to Margaret Francis and Volkert. Steinfeld subsequently sold the claims, and made the payment of $12,500 as stipulated.

The plaintiff alleged in her complaint, not merely that Steinfeld procured a conveyance of the decedent's interest, in fraud of decedent's rights, for less than its value, but that Margaret Francis and Volkert were parties with Steinfeld in the conspiracy to defraud the minor Francis children, by procuring through the probate court a conveyance to Steinfeld of the interest of those minors for much less than it was

worth. An attorney employed by Steinfeld for the purpose (giving the testimony the aspect most advantageous to appellant's contention) attended to the proceedings in the probate court, whereunder the interest of the minors was conveyed to Steinfeld for the sum of $625, it being represented to the probate court that the sale was for the best interest of the minors, and that that interest was not worth more than the sum paid. There is no evidence tending to indicate that Margaret Francis or Volkert was imposed upon by Steinfeld in determining the amount of the purchase price for the claims in question. There is no evidence tending to show that Margaret Francis failed to perform the duty which would rest upon her as a constructive trustee to pay to her minor children, or account to them for, their proportion of the entire purchase price, when the final payment was made. The allegations of the complaint are that Steinfeld, Margaret Francis, and Volkert co-operated to perpetrate a fraud upon the decedent, and actually perpetrated a fraud. The contention of the plaintiff that there was fraud rests largely upon the proposition that the interest of the Francis children was to be and was conveyed absolutely to Steinfeld upon the payment of $625, notwithstanding that the contract contemplated that upon the sale of the property by Steinfeld, he should pay to Margaret Francis and Volkert an additional sum of $12,500, without provision that a portion of this last payment should be received for the account of the children, and, further, that the reconveyance, if made, should be to Margaret Francis and Volkert, and not in part to the children. The contract in fact provided that the first payment, as well as this contingent payment, should be made entirely to Margaret Francis and Volkert. It made no provision whatever for the payment by Steinfeld of any sum to the children, or for any accounting to the children. Contrary to the contention of the appellant Pickthall, it is clear that it is not *prima facie* fraud for one party to undertake to convey to a second party the estate of a third party, even though the relation between the first party and the third party be fiduciary. It cannot be presumed, and will not be presumed, that the first party contemplates carrying out the contract of conveyance by defrauding the third party. The entire case of plaintiff substantially rests upon the reverse of this postulate. The

position is untenable. By reason of the absence of any proof as to the disposition of the final payment of $12,500 there is no evidence, that in fact the Francis children were, or more specifically the plaintiff's decedent was, in fact, defrauded.

There is testimony by one witness placing a value upon the mining claims in question, at the time of the purchase by Steinfeld, in the sum of $100,000. As far as that testimony tends to prove anything, it tends to prove that Steinfeld contracted to pay Margaret Francis and Volkert less than the claims were worth. If there rests in the difference between the value of the property and its purchase price any element of fraud, the fraud must have been perpetrated in equal proportion upon Margaret Francis and Volkert and the Francis children, proof of which would be variant from the allegations of the complaint. There is no evidence tending to indicate that either Margaret Francis or Volkert was deceived as to the value of the property, nor, in the light of all the facts as they existed at the time of the contract, that the consideration agreed upon was not, from the point of view of all the parties, a fair and adequate consideration.

A consideration of the propriety of the instruction that if the jury should find the fraud as pleaded, nominal damages alone should be returned, would require a treatment of matters that, in view of the conclusions just announced, are not material, and which would not add substantial merit to this opinion as a precedent. There being no evidence of consummated fraud, plaintiff should not have recovered even nominal damages. Therefore, if this instruction was erroneous, the error was without harm to her.

The assigned errors in the admission and rejection of evidence are upon matters which had no tendency to strengthen the proof of fraud, wherefore they need not be reviewed.

The judgment of the district court is affirmed.

KENT, C. J., and SLOAN and DOAN, JJ., concur.